# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

|  |  |
|---|---|
| TOM and ANNETTE ALLEN<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES<br><br>Defendant. | Case No. 2:11-cv-00146-DLB-CJS<br><br>Judge David L. Bunning<br>Magistrate Candace J. Smith<br><br>**DEFENDANT ABBOTT LABORATORIES' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>FILED ELECTRONICALLY |

Abbott's straightforward summary judgment motion was premised on the following undisputed material facts: (1) By no later than March 4, 2009, Ms. Allen experienced neurological symptoms, was diagnosed with multiple sclerosis, and was informed by her doctor that Humira was potentially related to her demyelinating disease; (2) Plaintiffs failed to file their action or seek a tolling agreement with Abbott until after the one-year Kentucky personal injury statute of limitations had already expired; and (3) Ms. Allen did not purchase Humira directly from Abbott, and thus did not have the buyer-seller relationship necessary to fulfill the statutory privity requirement necessary to sustain her breach of warranty claim.[1]  Plaintiffs do not and cannot dispute these critical and dispositive facts, nor do they otherwise respond to the legal authorities discussed in Abbott's opening brief.

---

[1] Abbott incorporates by reference its arguments raised in its Memorandum In Support of Defendant's Motion for Summary Judgment. (Dkt. 21-1).

Instead, Plaintiffs seek to avoid a ruling on merits, and any subsequent *res judicata* effect, by seeking a dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). However, this dismissal would be improper because it would strip Abbott of its absolute statute-of-limitations defense, resulting in plain legal prejudice. *See Grover By Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994). Therefore Abbott respectfully requests the Court deny Plaintiffs' Rule 41(a)(2) motion and grant its motion for summary judgment dismissing Plaintiffs' claims in their entirety.

I. **Plaintiffs Failed To Provide Any Substantive Response To Abbott's Summary Judgment Motion.**

Once Abbott filed its properly supported motion for summary judgment, Plaintiffs were charged with setting forth specific facts demonstrating there is a genuine issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Plaintiffs, however, failed to offer any substantive response to Abbott's motion, and therefore, waived their opportunity to designate such facts in accordance with Rule 56(e). *See* Fed. R. Civ. P. 56(e); *Spurlock v. Whitley,* 79 Fed. Appx. 837, 839 (6th Cir. 2003) (citing *Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 403 (6th Cir. 1992)); *Am. Marietta Corp. v. Essroc Cement Corp.,* 59 Fed. Appx. 668, 671 (6th Cir. 2003) (A district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed).

Plaintiffs' Motion to Dismiss Without Prejudice does not and cannot dispute any of the dispositive material facts raised in Abbott's Motion. *First,* Plaintiffs do not dispute that Ms. Allen had reason to know that her injury may have been caused by Humira no later than March 4, 2009. Plaintiffs also do not contest that they failed to bring their cause of action or seek a tolling agreement within one year from accrual. In fact, the only time Plaintiffs even address the material facts raised in Abbott's Motion is to "assume, *arguendo*" that the personal injury **statute**

2

*of limitations had expired* in Kentucky prior to Abbott's entering into a tolling agreement with Plaintiffs.[2] Dkt. 34 at 1. Plaintiffs, for all intents and purposes, concede that they did not file their personal injury action in a timely manner and admit their suit is time-barred.

*Second,* Plaintiffs do not allege—either in their complaint or in their motion—that Ms. Allen purchased Humira directly from Abbott. Plaintiffs cannot allege this fact because Abbott, like other prescription drug manufacturers, sells Humira through distributors, wholesalers and pharmacies, and does not sell directly to ultimate consumers. Under Kentucky law, privity of contract between parties is an essential element of a claim for breach of warranty. *See, e.g., Compex Int'l Co., v. Taylor,* 209 S.W. 3d 462 (Ky. 2006). Because Plaintiffs have not alleged any fact that even suggests Abbott directly sold Humira to Ms. Allen, Plaintiffs have not met the statutory requirement for a breach of warranty action and have raised no genuine issue for trial.

## II.  Dismissal Without Prejudice Is Improper Because Abbott Would Suffer Plain Legal Prejudice.

Because Abbott has filed a Motion for Summary Judgment, the Federal Rules of Civil Procedure provide that voluntary dismissal of an action may only occur "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The primary purpose of the rule interposing the requirement of court approval is to protect the nonmovant—in this case, Abbott—from unfair treatment. *Grover,* 33 F.3d at 718.

Voluntary dismissal is within the sound discretion of the court, but **may not** be granted if it would cause the nonmoving party to suffer "plain legal prejudice." *See Banque de Depots v.*

---

[2] Plaintiffs' statement that Abbott agreed to more than 15 months of tolling in this case, or its baseless contention that Abbott is attempting to circumvent its tolling agreement, is immaterial to the issues before this court where the limitations period has expired. Abbott's March 8, 2010 communication with plaintiffs counsel was clear. It noted that "[t]he agreement would not revive existing personal injury claims, if any, that had expired under applicable limitations prior to the commencement of this tolling period." Dkt. 21-3 at 1. Plaintiffs, not Abbott, elected to file their case in Kentucky. Because the tolling agreement was entered into after the Kentucky statute of limitations accrued, by its express terms the tolling agreement makes clear plaintiffs' claims are barred.

3

*Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1947); *Rosenthal v. Bridgestone/Firestone Inc.,* 217 Fed. Appx. 498 (6th Cir. 2007) (citing *Cone v. W. Va. Pulp & Paper Co.,* 300 U.S. 212, 217 (1947)). Plain legal prejudice occurs "where dismissal results in stripping a defendant of an absolute defense." *Rosenthal,* 217 Fed. Appx. at 500. Put simply, "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover,* 33 F.3d at 719.

### A. Abbott's Certain and Absolute Loss Of Its Statute Of Limitations Defense Constitutes Plain Legal Prejudice Which Precludes Voluntary Dismissal.

This case falls squarely in line with authority that teaches that the ***certain and absolute loss*** of a statute of limitations defense constitutes plain legal prejudice that precludes granting voluntary dismissal. *See Grover,* 33 F.3d at 719 (citing *Phillips v. Ill. Cent. Gulf R.R.,* 874 F.2d 984, 987 (5th Cir. 1989) for the proposition that loss of a statute of limitations defense constitutes plain legal prejudice); *see also Metro. Fed. Bank v. W.R. Grace & Co.,* 999 F.2d 1257 (8th Cir. 1993). In *Phillips,* defendants filed a motion for summary judgment and plaintiffs subsequently sought a voluntary dismissal in order to re-file in a jurisdiction where the statute of limitations would not bar the action. The district court granted defendants motion for summary judgment, and the Fifth Circuit upheld the decision "reasoning that the absolute loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes the granting of an unconditional dismissal." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 318 (5th Cir. 2002) (discussing *Phillips*, 874 F.2d at 987).[3]

---

[3] Only when the applicability of a statute of limitations or statute of repose is in doubt, and a ruling for one party is not clearly dictated, has the Sixth Circuit found the possible loss of a statute of limitations defense does not constitute legal prejudice. *See Rosenthal,* 217 Fed. Appx. 498 (clear legal prejudice did not exist because the applicability of the North Carolina statute of repose was in question, and therefore a ruling in favor of the defendants was not clearly dictated).

4

District courts within the Sixth Circuit have likewise held that the certain and absolute loss of a statute of limitations defense constitutes plain legal prejudice which precludes voluntary dismissal. *See, e.g., Osadciw v. Ganley Chrysler Jeep,* No. 1:09-CV-00486, 2010 WL 3767590 (N.D. Ohio Sept. 24, 2010) (denying plaintiffs motion to dismiss without prejudice because defendants would suffer plain legal prejudice if they were denied the absolute defense of the statute of limitations for a time-barred state law age discrimination claim); *Bowman v. Bulkmatic Transp. Co., Inc.,* No. 3:08-CV-37, 2010 WL 289089, at *2 (E.D. Tenn. Jan. 20, 2010) (citing *Grover* for the proposition that "dismissal with prejudice is appropriate when a defendant would be deprived of a legal defense such as the statute of limitations or forum non conveniens defense").

In this case, it is undisputed that Abbott would suffer a ***certain and absolute*** loss of its statute of limitations defense if dismissal without prejudice were granted. Plaintiffs do not and cannot dispute that Kentucky's one-year statute of limitations applies and bars Plaintiffs' strict liability, negligence, and loss of consortium counts. *See* Ky. Rev. Stat. Ann. § 413.140(1)(a)(West 2011); Dkt. 34; Defs. Mem. Dkt. 21-1 at 7-8. If Plaintiffs were granted voluntary dismissal without prejudice, Illinois' two year statute of limitations would undoubtedly apply to the parallel action[4] plaintiffs have filed in Illinois.[5] *See* 735 ILCS 5/13-213(d). Abbott's statute of limitations defense, and its subsequent *res judicata* effect, would be stripped

---

[4] Plaintiffs' Illinois action, *Tom Allen and Annette Allen v. Abbott Laboratories,* Case No. 11-L-011662, Circuit Court of Cook County, Illinois, County Department, Law Division, was filed on November 8, 2011, more than three months after initiation of this Kentucky lawsuit.

[5] In Illinois, "statutes of limitations are procedural, merely fixing the time in which the remedy for a wrong may be sought." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177 (Ill. 2002). As such, the Illinois statutes of limitations would apply even where a different state's law governs the substance of the claims. *FDIC v. Wabick*, 335 F.3d 620, 627 (7th Cir. 2003).

5

entirely because Abbott would not be able to raise the defense in the second suit.[6]  Because a ruling in favor of Abbott is clearly dictated by Kentucky's one year statute of limitations, it would be improper to subject Abbott to continued exposure to potential liability in the Illinois action by dismissing the case without prejudice.  *See Kern v. TXO Prod. Corp.,* 738 F.2d 968, 970 (8th Cir. 1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose.").

### B. Abbott's Summary Judgment Motion And Plaintiffs' Insufficient Explanation For Their Dismissal Motion Support Finding Plain Legal Prejudice.

Abbott will also suffer plain legal prejudice if Plaintiffs' motion is granted because it has already filed for summary judgment in this matter.  *See Grover,* 33 F.3d at 718 (summary judgment is a factor to consider in determining whether a defendant will suffer plain legal prejudice); *Bank of Ky., Inc., v. Larkin,* No. 04-206, 2006 WL 2425334, at *2 (E.D.Ky. Aug. 21, 2006) (a motion for summary judgment, although not dispositive, is relevant to a voluntary dismissal determination).  This factor is particularly persuasive when—as is the case for Abbott—the motion for summary judgment is currently pending, a decision on the merits of the case is imminent, and no questions of law remain unanswered.  *See id.*

Another factor favoring a finding of plain legal prejudice is Plaintiffs insufficient explanation for their need to take a dismissal.  *See Grover,* 33 F.3d at 718 (insufficient explanation is a factor a court should consider in determining plain legal prejudice).  Plaintiffs' cursory motion fails to provide any explanation as to why dismissal without prejudice would be appropriate.  Plaintiffs do not set forth the standard for dismissal without prejudice, do not cite any case law, and do not put forth any facts in support of their position that dismissal without

---

[6] In Kentucky, a ruling that a case is time-barred based on the statute of limitations is adjudication on the merits with *res judicata* effect.  *See, e.g., Dennis v. Fiscal Court of Bullitt Cnty,* 784 S.W.2d 608 (Ky. 1990).

6

prejudice would be suitable. Nor do they explain or justify any error they committed by electing to file in Kentucky when an Illinois forum would have been available.

Given the preclusive nature of Abbott's affirmative defense, a filed summary judgment motion, and Plaintiffs' insufficient explanation as to why dismissal would be appropriate, allowing the Plaintiffs to voluntarily dismiss the action at this time would constitute legal prejudice to Abbott.

## CONCLUSION

For the foregoing reasons, as well as the reasons introduced in its opening brief, Defendant Abbott Laboratories respectfully requests that this Court deny Plaintiffs' motion to dismiss without prejudice and grant summary judgment for Abbott on all of Plaintiffs' Counts.

Dated: November 22, 2011

Respectfully Submitted,

s/Michael E. Nitardy

Michael E. Nitardy
FROST BROWN TODD LLC
7310 Turfway Road Suite 210
Florence, KY 41042
Tel: 859-817-5900
Fax: 859-283-5902
Email: mnitardy@fbtlaw.com

**OF COUNSEL:**
Grant S. Cowan
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: 513-651-6800
Fax: 513-651-6981

Michael P. Foradas (admitted *pro hac vice*)
Renee D. Smith (admitted *pro hac vice*)
Andrew P. Bautista (admitted *pro hac vice*)
Whitney L. Becker (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200

*Counsel for Defendant Abbott Laboratories*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2011, a copy of the foregoing document was served via e-mail upon the individuals below, as well as filed using the Court's EM/ECF electronic filing system, which will send notification to all counsel of record, registered with the Court's filing system.

>Arnold Anderson Vickery (andy@justiceseekers.com)
>Fred H. Shephard (fred@justiceseekers.com)
>Perdue Kidd & Vickery
>510 Bering, Suite 550
>Houston, TX 77057
>
>Jay Vaughn, Esq. KBA No. 89682 (jayvaughn@bfzlaw.com)
>BUSALD FUNK ZEVELY, P.S.C.
>P.O. Box 6910
>Florence, KY 41022-6910
>Telephone: 859-371-3600
>Facsimile: 859-525-1040

>s/Michael E. Nitardy
>Michael E. Nitardy

CINLibrary 0114025.0588463   2417771v1