## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CIVIL ACTION NO. 11-146-DLB**

**TOM AND ANNETTE ALLEN**                                             **PLAINTIFFS**


**vs.**                    **MEMORANDUM OPINION & ORDER**


**ABBOTT LABORATORIES**                                             **DEFENDANT**

* * * * * * * * * * * * * * * * *

This matter is currently before the Court on Defendant's Motion for Summary Judgment (Doc. # 21), and Plaintiffs' Motion to Dismiss Without Prejudice (Doc. # 34).  The motions have been only partially briefed (Docs. # 34, 35, 36),[1] but the time for filing has passed and the motions are now ripe for review.


## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Tom and Annette Allen ("Tom" and "Toni") commenced this civil action against Defendant Abbott Laboratories ("Abbott Labs"), a prescription drug manufacturer, alleging various state law claims arising from use of the arthritis drug Humira, which Plaintiffs contend resulted in personal injury to Toni, ultimately diagnosed as multiple sclerosis.

---

[1]  Plaintiffs did not file a Response to Defendant's Motion for Summary Judgment (Doc. # 21), but rather filed a Motion to Dismiss Without Prejudice (Doc. # 34).  Upon Defendant's filing of a Response to Plaintiffs' Motion (Doc. # 36), Plaintiffs filed no reply and the time to do so has now expired.

On or about July 20, 2006, Plaintiff Toni Allen began receiving injections of the biologic drug Humira to treat her psoriatic arthritis. (Doc. # 1 at 3, 8).[2] At that time, Humira was intended to treat rheumatoid arthritis and the prescription was considered "off-label." (*Id.*). Plaintiffs state that "Toni began experiencing numbness and tingling in her hands and feet" in October 2007. (*Id.* at 8). She initially consulted her rheumatologist, Dr. Kerrin Burte, the physician who had prescribed Humira, but Dr. Burte "said it was highly unlikely that her symptoms were 'neurologic in origin.'" (*Id.*). "Toni's symptoms worsened," the numbness and tingling spreading to her limbs and her face, then spreading down the left side of her body. (*Id.*). Plaintiffs assert that during these "episodes," it was "impossible [for her] to speak or move." (*Id.*). After finding no answers or relief from treatment with Dr. Burte, Toni consulted Dr. Murray, her family physician. (*Id.*). Dr. Murray ordered an MRI, which showed lesions on Toni's brain, and he subsequently referred her to a neurologist, Dr. Istvan Pirko. (*Id.* at 8-9).

Toni finally received answers and a diagnosis at her March 4, 2009 appointment with Dr. Pirko. The substance of this appointment is evidenced in a letter from Dr. Pirko to Dr. Murray, detailing the results of his examination and the discussion that he had with Toni. (Doc. # 26 at 19-20). This correspondence indicates that Dr. Pirko reviewed extensive medical records and MRIs of Toni's brain prior to her appointment. (*Id.*). Dr. Pirko determined that "[i]t is very likely that the etiology of her demyelinating lesions is TNF-alpha inhibiton [sic] related. It is known that MS can exacerbate in the context of such treatment, and new demyelinating lesions can form in patients who otherwise have never

---

[2] Plaintiffs alternatively allege in their Complaint that Toni "received injections from *October 2007* until March 2009." (Doc. # 1 at 1) (emphasis added).

had the [disease] of MS." (*Id.* at 20). Pursuant to his diagnosis of multiple sclerosis, Dr. Pirko advised Dr. Murray that they "will handle this as demyelination in the context of Humira," and though they should continue to test for other causes, those causes "are much less likely culprits than the Humira." (*Id.*). Furthermore, Dr. Pirko confirmed in the letter that he had discussed the diagnosis and recommendations in detail with Toni at her March 4, 2009 appointment and that he answered all of her questions.[3] (*Id.*).

On March 8, 2010, a year and four days after the appointment with Dr. Pirko, Plaintiffs and Defendant entered into a tolling agreement that ultimately expired on June 30, 2011. (Docs. # 21-3 at 2; 34-1 at 2). Twenty-three days later, Plaintiffs Tom and Toni filed the pending action on July 23, 2011. (Doc. # 1). In their complaint, Plaintiffs allege Kentucky state-law claims of strict product liability, negligence, breach of warranty and loss of consortium. (Doc. # 1 at 11-14).

On September 27, 2011, Defendant filed a Motion for Summary Judgment on the grounds that Plaintiffs' claims of strict liability, negligence and loss of consortium are time-barred by the applicable one-year statute of limitations, and that Plaintiffs' breach of warranty claim lacks the requisite element of contractual privity. (Doc. # 21). Plaintiffs filed a Motion to Dismiss Without Prejudice on November 9, 2011, in which they informed the Court that they have also filed suit against Defendant on these claims in the Circuit Court of Cook County, Illinois. (Doc. # 34).

---

[3] In their Complaint, Plaintiffs state that "on March 11, 2009, [Dr. Pirko] diagnosed Toni Allen with multiple sclerosis." (Doc. # 1 at 9). Although this diagnosis is recorded by Dr. Pirko in a letter to Toni's family physician, Dr. Murray, dated March 11, the letter also clearly indicates that the diagnosis was made and communicated to Plaintiff Toni Allen at her appointment on March 4, 2009. (Doc. # 26 at 20).

## II.  ANALYSIS

**A.    Defendant's Motion for Summary Judgment Is Hereby Granted**

### 1.    Motion for Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008).  The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000).  If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d

4

1472, 1479-80 (6th Cir. 1989).  Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact."  *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

### 2.    Strict Liability, Negligence and Loss of Consortium

Defendant argues that Plaintiffs' Kentucky claims of strict liability, negligence and loss of consortium are barred by the applicable statute of limitations and therefore summary judgment on these claims must be granted in favor of Defendant.  The parties agree that under Kentucky law, the controlling statute of limitations for these claims requires that an action "be commenced within one (1) year after the cause of action accrued."  K.R.S. § 413.140(1)(a) (claims to be commenced within one year of accrual include "[a]n action for an injury to the person of the plaintiff, or . . . his wife"); *see Tomlinson v. Siehl*, 459 S.W.2d 166, 168 (Ky. 1970) (finding that "[t]he cause of action of the . . . husband for loss of consortium accrued simultaneously with the claim of the wife"); *Smith v. Pfizer, Inc.*, No. 5:10-CV-149, 2011 WL 3627286, at *4 (W.D. Ky. 2011) (applying a one-year statute of limitations period to bar plaintiff's claims arising from personal injury, allegedly resulting from the use of a certain prescription drug).  A personal injury cause of action accrues when the injury occurs or "when the plaintiff first discovers the injury or should have reasonably discovered it."  *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. Ct. App. 1998) (internal citations omitted) (noting that Kentucky courts apply this rule "to cases involving latent injuries arising from exposure to harmful substances"); *see Tomlinson*, 459 S.W.2d at 167-68 (overruling prior Kentucky case law

5

establishing that accrual begins on the date of the injury, holding instead "that the statute of limitations should not begin to run until the discovery of the cause of action"). This "discovery" rule dictates that accrual begins when "'the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct.'" *Louisville Trust Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979) (quoting *Raymond v. Eli Lilly & Co.*, 371 A.2d 170, 174 (N.H. 1977) and stating that the New Hampshire Supreme Court's "declaration is a workable and just application of our *Tomlinson* rule"). In accordance with this rule, Plaintiffs' one year window in which to timely commence any applicable claims began at the moment they first knew, or reasonably should have known, that Plaintiff Toni's condition may have been caused by Humira.

Defendant states that Plaintiffs "failed to bring their cause of action or seek a tolling agreement with Abbott within one year from accrual." (Doc. # 21-1 at 8). This assertion is founded on the presumption that the cause of action accrued on March 4, 2009. (Doc. # 21-1 at 4, 8). The record demonstrates that Plaintiff Toni visited neurologist Dr. Pirko on March 4, 2009, at which time he discussed with her the likelihood that her demyelinating condition is a result of Humira. (Doc. # 26 at 19-20). In their subsequent written filing, Plaintiffs neither dispute the facts as stated by Defendant nor do they dispute that March 4, 2009 is the proper accrual date. (*See* Doc. # 34). Therefore, Plaintiff Toni knew, or reasonably should have known, by March 4, 2009 that her injuries were likely caused by Humira. Any claims accruing on this date and subject to a one-year statute of limitations would become time-barred on March 4, 2010.

6

Plaintiffs acknowledge the application of Kentucky's one-year statute of limitations, and rely on the existence of a tolling agreement to establish their claims as timely. Kentucky law provides that the prescribed limitations period can be tolled, and thus extended, through agreement of the parties.  Pursuant to section 413.265 of the Kentucky Revised Statutes, "[w]ritten agreements entered into in good faith and at arms length to extend limitations periods for the filing of civil actions . . . shall be valid and enforceable according to their terms."  K.R.S. § 413.265.  The parties here entered into such an agreement.  Plaintiffs and Defendant agreed to a tolling period "of any applicable statutes of limitations" extending from March 8, 2010 up to and including June 30, 2011.  (Docs. # 21-3 at 2; 34-1 at 2).  This agreement was intended to toll the statutory limitation periods for those claims that had not already expired.  (Doc. # 21-3 at 2).

In their Complaint, Plaintiffs maintain that their claims are timely because "[i]nformation concerning this case was shared informally by counsel for a lengthy period of time pursuant to a tolling agreement" and the "suit has been filed within the extended period of time."  (Doc. # 1 at 2).  Both of Plaintiffs' assertions lack merit.  First, the informal sharing of information between counsel is not sufficient under Kentucky law to constitute commencement of an action.  Under section 413.250 of the Kentucky Revised Statutes, "[a]n action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."  K.R.S. § 413.250.  The sharing of information alone is also not sufficient to toll the statute of limitations period, as there was no agreement in place between the parties before the limitations period expired.  Second, the tolling agreement between the parties does not apply to the personal injury claims whose limitations period expired prior to the start of the

7

agreement, and, moreover, this action was filed by Plaintiffs after the agreement's expiration.

The tolling agreement entered into by the parties was ineffective to toll Kentucky's one-year statute of limitations on Plaintiffs' personal injury claims alleging violations of Kentucky law. The agreement became effective on March 8, 2010, which was confirmed through e-mail communications between counsel for the parties. (Doc. # 21-3 at 2) (an e-mail sent on March 8, 2010 states that the parties "agree to a tolling period of any applicable statutes of limitations from today up to and including June 15, 2010," which was later extended to June 30, 2011). This agreement did not take effect until four days after the one-year statute of limitations had run, failing to toll Plaintiffs' claims of strict liability, negligence, and loss of consortium. Additionally, the parties' communications clarified that "[t]he agreement would not revive existing personal injury claims, if any, that had expired under applicable limitations prior to the commencement of this tolling period." (*Id.*). This language clearly demonstrates that the parties did not intend for Plaintiffs' personal injury claims that became time-barred on March 4, 2010, four days prior to the start of this agreement, to be impacted by the agreement's tolling effect.

Even if the tolling agreement had effectively tolled Plaintiffs' claims, this action would still be time-barred because it was filed after the tolling agreement expired. It is clearly stated in Plaintiffs' own exhibit, attached to their Motion to Dismiss, that the tolling agreement was only extended through June 30, 2011. (Doc. # 34-1 at 2). This suit, filed on July 23, 2011, was not commenced within that extended period of time.

Plaintiffs have provided no alternative reason why their claims should be considered timely brought. Plaintiffs did not file a substantive response to Defendant's Motion for

8

Summary Judgment, but rather filed their own Motion to Dismiss Without Prejudice.  (Doc. # 34).  In the Motion to Dismiss, Plaintiffs do not dispute any of the material facts asserted by Defendant.  They acknowledge that their claims are subject to a one-year statute of limitations under Kentucky law and further state that Defendant asserts that the limitations period expired before the tolling agreement took effect.  (*Id.* at 1).  Plaintiffs then "assume, *arguendo*, that this is true."  (*Id.*).  Plaintiffs make no more mention of the factual assertions made by Defendant, much less meet their burden as the nonmoving party in demonstrating that a genuine issue of material fact exists to justify a denial of summary judgment.  Therefore, the Court accepts the facts as stated by the Defendant, supported by the record, and undisputed by Plaintiffs.[4]  These undisputed facts are sufficient to establish as a matter of law that Plaintiffs' claims, subject to a one-year statute of limitations under Kentucky law, were not timely brought.  Accordingly, Plaintiffs' Kentucky state-law claims of strict liability, negligence and loss of consortium are barred by the applicable statute of limitations and Defendant's motion for summary judgment on these claims is **granted**.

### 3.    Breach of Warranty

Defendant argues for summary judgment on Plaintiffs' breach of warranty claim because Plaintiffs fail to establish privity of contract between the parties.  Under Kentucky law, privity of contract is an essential element of a claim for breach of warranty.  K.R.S. § 355.2-318; *see Compex Int'l Co. v. Taylor*, 209 S.W.3d 462 (Ky. 2006) (dismissing an implied warranty claim was against the manufacturer of a product for lack of contractual

---

[4]  Pursuant to Rule 56(e), if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).

privity where the buyer purchased the product from a third party distributor); *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. Ct. App. 2007) (stating that "a plaintiff-buyer asserting a claim based upon an implied warranty *must establish* that it enjoyed privity of contract with the defendant-seller against whom the implied warranty claim is asserted"). Privity of contract requires "an underlying contractual relationship," one existing in a "buyer-seller relationship." *Compex*, 209 S.W.3d at 465. Kentucky law provides that the warranty of a seller "extends to any natural person who is in the family or household of [the seller's] buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." K.R.S. § 355.2-318; *see Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985) (holding that "[i]f liability is based on the sale of a product, it can be extended beyond those persons in privity of contract only by some provision of the U.C.C. as adopted by Kentucky," the only such provision being K.R.S. § 355.2-318). Thus, privity of contract for purposes of a breach of warranty claim requires a buyer-seller relationship, with narrow statutory exceptions provided for the family members and household guests of that buyer.

Defendant contends that Plaintiffs' breach of warranty claim fails as a matter of law because Plaintiffs and Defendant do not share the necessary relationship to establish privity of contract. Defendant asserts that privity of contract does not exist here because Plaintiff did not purchase Humira directly from Defendant. Rather, Defendant "sells Humira through distributors, wholesalers, and pharmacies, among other intermediary entities in the chain of distribution," who then make the sale to the consumer, in this case, Plaintiff. (Doc.

# 21-1 at 9).  Kentucky courts have defined the privity of contract requirement to mean that "a 'seller's' warranty protections are *only* afforded to 'his buyer.'"  *Compex*, 209 S.W.3d at 465.  Absent the requisite buyer-seller relationship or one of the exceptions outlined in the statute, Plaintiffs' claim for breach of warranty cannot be maintained.

The facts as set forth in Defendant's Motion for Summary Judgment are sufficient to demonstrate that Defendant is entitled to judgment on this claim as a matter of law.  It is therefore the duty of the Plaintiffs as the non-moving party to direct the Court's attention to any specific evidence that supports a finding of the existence of "a genuine issue of material fact."  *In re Morris*, 260 F.3d at 655.  Plaintiffs have not met this burden.  In their Motion to Dismiss, Plaintiffs do not dispute any of the facts asserted by Defendant nor do they provide any alternative legal argument as it pertains to this claim.  The record, therefore, does not establish the requisite privity of contract between Plaintiffs and Defendant to support a claim for breach of warranty under Kentucky law.  Accordingly, Defendant's Motion for Summary Judgment on Plaintiffs' breach of warranty claim is **granted**.

## B.    Plaintiffs' Motion to Dismiss Without Prejudice Is Hereby Denied

Plaintiffs filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), seeking to dismiss all claims against Defendant without prejudice (Doc. # 34).  In their motion, Plaintiffs provide support for this request only by stating that they have also now filed their claims in Circuit Court of Cook County, Illinois, and that "there is no need for this Court to grapple with [Defendant]'s pre-answer motion for summary judgment," but rather, should grant Plaintiffs' motion pursuant to Rule 41(a)(2)

11

and "in the interests of judicial economy." (Doc. # 34 at 1-2). Plaintiffs assert that they have filed suit in Illinois, which has a two-year applicable statute of limitations, "[i]n light of [Defendant]'s attempts to circumvent its tolling agreements."[5] (Doc. # 34 at 1).

Plaintiffs' Motion to Dismiss Without Prejudice must be denied, as a dismissal of the claims without prejudice would cause Defendant to suffer plain legal prejudice. Federal Rule of Civil Procedure 41(a)(2) provides that, where the defendant has already filed an answer or a motion for summary judgment, and there is no stipulation of dismissal signed by all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). The court's approval is required "to protect the nonmovant from unfair treatment," specifically "where the defendant would suffer 'plain legal prejudice' as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

Defendant argues that this motion must be denied because a dismissal of Plaintiffs' claims without prejudice would constitute plain legal prejudice against Defendant. (Doc. # 36 at 4). Whether a defendant will be subject to plain legal prejudice is "often a fact intensive inquiry." *Bank of Kentucky, Inc. v. Larkin, et al.*, No. 04-CV-206, 2006 WL

---

[5] In support of this allegation, Plaintiffs state that Defendant "agreed to more than 15 months of tolling in this case." (Doc. # 34 at 1). This fact is inapplicable to either pending motion. As established in the analysis above, the parties did not enter into the tolling agreement until after the statute of limitations on these claims had expired, and, moreover, Plaintiffs failed to commence this action until after the mutually agreed upon expiration of the tolling agreement.

2425334, at *1 (E.D. Ky. Aug. 21, 2006).  In *Grover*, the Sixth Circuit instructed that "[i]n determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."  *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)); *see also Bank of Kentucky*, at *1.  Defendant cites two of these factors to support its position that voluntary dismissal would result in plain legal prejudice.  First, Defendant submits that the Court must consider that Defendant has already filed a summary judgment motion.  Though not by itself dispositive, a Court may consider a pending motion for summary judgment as a factor, particularly when a decision on the merits of the case is imminent.  *See Bank of Kentucky*, at *2.  Having already determined that this suit was filed outside of the applicable statute of limitations and that the breach of warranty claim fails as a matter of law, this Court has decided the summary judgment motion on the merits.  Second, Defendant emphasizes that Plaintiffs failed to adequately explain why their Motion to Dismiss is warranted.  The Sixth Circuit has directed courts to consider the sufficiency of the explanation for the need to take a voluntary dismissal in determining the existence of plain legal prejudice.  *Grover*, 33 F.3d at 718. Defendant correctly notes that Plaintiffs "do not set forth the standard for dismissal without prejudice, do not cite any case law, and do not put forth any facts in support of their position that dismissal without prejudice would be suitable."  (Doc. # 36 at 6-7).  Both of these factors weigh heavily in Defendant's favor.

Furthermore, the Sixth Circuit has held that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."  *Grover*, 33 F.3d at 719 (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).  Thus, voluntary dismissal would result in plain legal prejudice to a defendant when it would strip the defendant of the right to an absolute legal defense.  *See Id.* (citing *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) for the proposition that the "loss of an absolute legal defense, here statute of limitations, [constitutes] plain legal prejudice").  The Court has already found that Defendant is entitled to summary judgment on Plaintiffs' Kentucky state law claims that have been barred by the one-year statute of limitations.  In Kentucky, "there is ample authority for the proposition that the dismissal of a pending action based on a failure to comply with the applicable statute of limitations operates as a judgment on the merits for res judicata purposes."  *Dennis v. Fiscal Court of Bullitt Cnty.*, 784 S.W.2d 608, 609 (Ky. Ct. App. 1990).  Here, a voluntary dismissal by the Court would result in Defendant's loss of its statute of limitations defense, an absolute legal defense to Plaintiffs' Kentucky state law claims of strict liability, negligence and loss of consortium.

Additionally, Defendant has demonstrated that it is entitled to judgment as a matter of law on Plaintiffs' breach of warranty claim under Kentucky law.  "Rule 41(a)(2) . . . has been interpreted as authorizing a plaintiff to dismiss his action 'without prejudice where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim.'"  *Cone*, 330 U.S. at 217 n.5 (quoting Advisory Committee on Rules for Civil Procedure, Report of Proposed Amendments to Rules of Civil Procedure for the

14

District Courts of the United States (1946) 64). Plaintiffs' failure to establish the requisite element of contractual privity is not merely a "technical failure of proof," but rather the result of the fact that Plaintiffs and Defendant do not share the contractual relationship necessary for such claim. Plaintiff has not provided the Court with any explanation as to why a voluntary dismissal would be appropriate under these circumstances, or how any additional time or discovery would allow Plaintiffs to pursue the existence of facts sufficient to establish such a relationship between the parties. Pursuant to the application of the undisputed facts, the law "clearly dictates" judgment in Defendant's favor on Plaintiffs' breach of warranty claim. Therefore, having found that dismissing Plaintiffs' claims without prejudice would cause Defendant to suffer plain legal prejudice, voluntary dismissal is inappropriate. Accordingly, Plaintiffs' Motion to Dismiss Without Prejudice is **denied**.

### III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. # 21) be, and is hereby, **granted**, and that Plaintiffs' Motion to Dismiss Without Prejudice (Doc. # 34) be, and is hereby, **denied**.

This 3rd day of January, 2012.



Signed By:

_**David L. Bunning**_

**United States District Judge**

G:\DATA\Opinions\Covington\2011\11-146 MOO Granting MSJ & Denying MTD.wpd